IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM FRANCIS GALVIN, in his official capacity as Secretary of the Commonwealth of Massachusetts,<br><br>    Defendant. | Case No. 1:25-cv-13816 |

### NEW ENGLAND STATE AREA CONFERENCE OF THE NAACP AND THE MASSACHUSETTS ALLIANCE FOR RETIRED AMERICANS' PROPOSED ANSWER TO PLAINTIFF'S COMPLAINT

Proposed Intervenors the Massachusetts Alliance for Retired Americans and the New England State Area Conference of the National Association for the Advancement of Colored People answer Plaintiff's Complaint (ECF No. 1) as follows:

The Complaint begins with one unnumbered paragraph to which no response is required. To the extent a response is required, Proposed Intervenors incorporate by reference the below paragraphs as their response, admit that Plaintiff has brought this action against Defendant, and deny that Plaintiff is entitled to any relief.

### INTRODUCTION[1]

1.     Paragraph 1 contains legal contentions, characterizations, conclusions, and

---

[1] These headings are included because they appear in the Plaintiff's Complaint and are duplicated to aid and assist in ease of comparison between the Plaintiff's Complaint and the Proposed Intervenors' answer. They are not factual assertions in and of themselves and accordingly do not require a response. Their reproduction in this answer should not be understood otherwise, nor should they be understood to make any admission on behalf of the Proposed Intervenors.

1

opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute and opinion cited contain the quoted text. Proposed Intervenors otherwise deny the allegations.

2. Paragraph 2 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute cited contains language similar to the quoted text. Proposed Intervenors otherwise deny the allegations.

3. Paragraph 3 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the opinion cited contains the quoted text. Proposed Intervenors otherwise deny the allegations.

4. Paragraph 4 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the opinions cited contain the quoted text. Proposed Intervenors otherwise deny the allegations.

## JURISDICTION AND VENUE

5. Paragraph 5 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that this action arises under federal law and that it is brought by the United States as a Plaintiff. Proposed Intervenors otherwise deny the allegations.

6. Paragraph 6 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Defendant Galvin resides in the Commonwealth of Massachusetts.

## PARTIES

7. Paragraph 7 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that this case is brought by the United States as a Plaintiff.

8. Paragraph 8 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Secretary Galvin is a Defendant in this action and he is being sued in his official capacity only.

## BACKGROUND

9. Proposed Intervenors deny the allegations in Paragraph 9.

10. Paragraph 10 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the NVRA and HAVA impose certain obligations on states with respect to voter registration lists and that the NVRA requires states to preserve certain records. Proposed Intervenors otherwise deny the obligations.

11. Paragraph 11 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute cited contains the quoted text and that Secretary Galvin is the chief election official of the Commonwealth of Massachusetts. The statute otherwise speaks for itself.

12. Paragraph 12 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed

Intervenors admit that the statute cited contains the quoted text. The statute otherwise speaks for itself.

13. Paragraph 13 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute cited contains the quoted text. The statute otherwise speaks for itself.

14. Paragraph 14 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute cited contains the quoted text. The statute otherwise speaks for itself.

15. Paragraph 15 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute cited contains the quoted text. The statute otherwise speaks for itself.

## FACTUAL ALLEGATIONS

16. Proposed Intervenors admit that the cited website in Paragraph 16 contains language similar to the quoted text and that the United States Election Assistance Commission conducts a biennial Election Administration and Voting Survey. The cited website otherwise speaks for itself.

17. Proposed Intervenors admit that the cited report in Paragraph 17 contains the quoted language. The report otherwise speaks for itself.

18. Proposed Intervenors admit that the Assistant Attorney General for Civil Rights sent a letter to Secretary Galvin on July 22, 2025 (the "July 22 Letter"). Proposed Intervenors deny

the remaining allegations in Paragraph 18.

19. Proposed Intervenors admit that the July 22 Letter requested that the Secretary provide a current electronic copy of Massachusetts's statewide voter registration list and answer questions pertaining to the 2024 EAVS Report. Proposed Intervenors deny that the Secretary was required to provide that list and further deny the remaining allegations in Paragraph 19.

20. Proposed Intervenors admit that, in a letter dated August 7, 2025 (the "August 7 Letter"), Secretary Galvin requested sixty additional days in which to provide a response to the Assistant Attorney General for Civil Rights.

21. Proposed Intervenors admit that on August 14, 2025, the Assistant Attorney General sent a second letter (the "August 14 Letter") to Secretary Galvin.

22. Proposed Intervenors admit that the August 14 Letter contains the quoted text and state that the letter otherwise speaks for itself. Proposed Intervenors deny the remaining allegations in Paragraph 22.

23. Proposed Intervenors admit that the August 14 Letter contains the quoted text and state that the letter otherwise speaks for itself. Proposed Intervenors deny the remaining allegations in Paragraph 23.

24. Proposed Intervenors admit that the August 14 Letter stated that the records requested would be maintained consistent with Privacy Act protections. Proposed Intervenors are without knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 24 and therefore deny them.

25. Proposed Intervenors admit that on August 28, 2025, the Voting Section sent an email to the Secretary and state that the email otherwise speaks for itself. Proposed Intervenors are without knowledge or information sufficient to form a belief about the truth or falsity of the

allegations in Paragraph 25 and therefore deny them.

26. Proposed Intervenors are without knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 26 and therefore deny them.

27. Proposed Intervenors are without knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 27 and therefore deny them.

## COUNT ONE
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703

28. Paragraph 27 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that a document purporting to be a demand for election records was sent to Secretary Galvin on August 14, 2025. Proposed Intervenors otherwise deny the allegations.

29. Paragraph 29 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in Paragraph 29.

30. Paragraph 30 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Secretary Galvin has refused to provide all the records requested but deny that Plaintiff was entitled to any of the requested records.

Immediately following Paragraph 39, the Complaint contains a request for relief, including sub-paragraphs (A)–(C), demanding equitable and declaratory relief. Proposed Intervenors deny that Plaintiff is entitled to any relief in this action.

## **GENERAL DENIAL**

Proposed Intervenors deny every allegation in Plaintiff's Complaint that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by equity, including on the basis of laches and unclean hands.

3. Plaintiff has failed to establish entitlement to injunctive relief.

4. The relief sought by Plaintiff is inconsistent with the U.S. Constitution and federal law.

5. Plaintiff lacks authority to bring a cause of action.

## PROPOSED INTERVENORS' PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Proposed Intervenors pray for judgment as follows:

A. That the Court dismiss the Complaint;

B. That judgment be entered in favor of Proposed Intervenors and against Plaintiff on Plaintiff's Complaint and that Plaintiff takes nothing thereby;

C. That Proposed Intervenors be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D. For such other and further relief as the Court deems appropriate.

Dated: December 21, 2025

Respectfully submitted,

<u>/s/ David R. Fox</u>
David R. Fox (BBO #692372)
Kevin Kowalewski*
Tori Shaw*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW, Suite 400
Washington, D.C. 20001
T: (202) 968-4490
F: (202) 968-4498
dfox@elias.law
kkowalewski@elias.law
tshaw@elias.law

*Counsel for Proposed Intervenors the New England State Area Conference of the NAACP and the Massachusetts Alliance for Retired Americans*

\* *Pro Hac Vice* Applications Forthcoming