IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM FRANCIS GALVIN, in his official capacity as Secretary of the Commonwealth of Massachusetts,<br><br>Defendant. | Case No. 1:25-cv-13816<br>(Hon. Leo T. Sorokin) |

## MEMORANDUM IN SUPPORT OF THE DEMOCRATIC NATIONAL COMMITTEE'S MOTION FOR LEAVE TO FILE AMICUS BRIEF

The Democratic National Committee (DNC) respectfully moves for leave to submit a brief in this matter as amicus curiae. The DNC is the oldest continuing party committee in the United States, and its purposes and functions are to communicate the Democratic Party's position on issues, protect voters' rights, and aid the election of Democratic candidates nationwide, including by organizing citizens to register as Democrats and vote in favor of Democratic candidates. The DNC represents millions of voters, including nearly 1.3 million registered Democrats in Massachusetts.

This Court should exercise its discretion to allow the DNC to file an amicus brief. "[N]o procedural rule provides for filing of amicus briefs in federal district court." *Boston Gas Co. v. Century Indem. Co.*, No. 1:02-cv-12062, 2006 WL 1738312, at *1 n.1 (D. Mass. June 21 2006); *cf.* Fed. R. App. P. 29(b)(2); S. Ct. R. 37. Nonetheless, this Court can grant amicus curiae status in the exercise of its "inherent authority." *Boston Gas Co.*, 2006 WL 1738312, at *1 n.1. "The role of an amicus curiae, meaning 'friend of the court,' is to assist the court in cases of general

public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 308 F.R.D. 39, 52 (D. Mass.), *aff'd*, 807 F.3d 472 (1st Cir. 2015) (internal quotations omitted); *see also Banerjee v. Board of Trustees*, 648 F.2d 61, 65 n.9 (1st Cir. 1981) ("[The] purpose of an amicus curiae brief is . . . to assist the court on matters of law."). Ultimately, "the acceptance of amicus briefs is within the sound discretion of the court." *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970).

In this case, the U.S. Department of Justice demands a copy of the Commonwealth of Massachusetts's complete, unredacted voter file, which includes the personal identifying information of nearly 1.3 million registered Democrats. This demand forces registered Democrats and unregistered citizens who favor Democratic candidates to choose between democratic participation and data privacy. Conditioning the right to vote on the release of private information "creates an intolerable burden on that right." *Project Vote/Voting for America, Inc. v. Long*, 682 F.3d 331, 339 (4th Cir. 2012). In turn, the DNC has a significant protectable interest in the success for Democratic candidates, and pressure on Democrats to avoid registration or to remove themselves from the voter rolls would impose an intolerable burden on that interest. *See, e.g., Paher v. Cegavske*, No. 3:20-cv-243, 2020 WL 2042365, at *2-3 (D. Nev. Apr. 28, 2020); *cf. Bost v. Ill. State Bd. of Elections*, No. 24-568, 2026 WL 96707, at *3 (U.S. Jan. 14, 2026) (describing candidates' "interest in a fair process").

The DNC would also bring substantial expertise concerning the statutes at issue: Title III of the Civil Rights Act of 1960 (Title III), 52 U.S.C. §§ 20701-06, the National Voter Registration Act of 1993 (NVRA), 52 U.S.C. §§ 20501-11, and the Help America Vote Act of

2002 (HAVA), 52 U.S.C. §§ 20901-21145. The DNC routinely litigates matters under both the NVRA and HAVA. *See, e.g., Republican Nat'l Comm. v. N.C. State Bd. of Elections*, No. 5:24-cv-547 (E.D.N.C.) (HAVA); *Mi Familia Vota v. Fontes*, No. 2:22-cv-509 (D. Ariz.) (NVRA). More broadly, the DNC regularly works with state election officials to ensure that elections are conducted in a free, fair, and lawful manner and relies on the document retention requirements at the heart of Title III. The DNC's proposed amicus brief would apply this expertise to issues and challenges raised by Secretary Galvin in support of his motion to dismiss. *See United States v. Sturm, Ruger & Co.*, 84 F.3d 1, 6 (1st Cir. 1996) (addressing appropriate scope of amicus briefing). Thus, federal courts have granted the DNC leave to file amicus briefs in several related cases. *See, e.g.*, Order, *United States v. Oregon*, No. 6:25-cv-1666 (D. Or. Nov. 21, 2025), ECF No. 38.

For these reasons, this Court should grant the Democratic National Committee's motion for leave to file an amicus brief.

Dated: February 9, 2026

/s/ Thomas R. Kiley
Thomas R. Kiley (BBO # 271460)
CEK Boston, P.C.
One International Place, Suite 1820
Boston, MA 02110
(617) 439-7775
tkiley@ceklaw.net

Respectfully submitted,

/s/Daniel Freeman
Daniel Freeman*
Democratic National Committee
430 South Capitol Street SE
Washington, DC 20003
(202) 863-8000
freemand@dnc.org

*Attorneys for the Democratic National Committee*

\* *Pro hac vice forthcoming*

CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record in this matter.

/s/ Thomas R. Kiley
Thomas R. Kiley