UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM FRANCIS GALVIN, in his official capacity as Secretary of the Commonwealth of Massachusetts,<br><br>Defendant. | Civil Case No.: 1:25-cv-13816-LTS<br><br>**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* FORMER EMPLOYEES OF THE U.S. DEPARTMENT OF JUSTICE** |

*Amici* Former Employees of the U.S. Department of Justice ("Former Employees") respectfully move for leave to file a brief in this matter as *amici curiae*. The Former Employees are all attorneys who worked on voting enforcement in the Civil Rights Division of the U.S. Department of Justice (DOJ), either in DOJ's Voting Section, in the Appellate Section of the Civil Rights Division, or as political appointees. The identities of the individual *amici* are listed in Appendix A to the attached brief. Many of them made, reviewed, and approved information requests to States and localities under Title III of the Civil Rights Act of 1960, or have litigated under the Civil Rights Act, the National Voter Registration Act (NVRA), and the Help America Vote Act (HAVA) on behalf of the United States, while at DOJ. *Amici* have a strong interest in ensuring that the disclosure provisions of the NVRA and Title III continue to provide for robust disclosure and investigatory authority, but also that courts properly apply statutory text and precedent to avoid the sorts of abuses evidenced in this case.

The Court should exercise its discretion to allow the Former Employees to participate as *amici*. While "no procedural rule provides for filing of amicus briefs in federal district court, courts have inherent authority and discretion to appoint amici." *Bos. Gas Co. v. Century Indem. Co.*, 2006 WL 1738312, at *1 n.1 (D. Mass. June 21, 2006). Courts may accept an amicus brief,

among other circumstances, when the amicus can assist the court "by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 308 F.R.D. 39, 52 (D. Mass.), *aff'd*, 807 F.3d 472 (1st Cir. 2015). Courts liberally exercise their discretion to grant leave to file amicus briefs. *See, e.g.*, *id.*; *Steinmetz v. Coyle & Caron, Inc.*, 2016 WL 4074135, at *2 n.1 (D. Mass. July 29, 2016); *Griswold v. Driscoll*, 2006 WL 8458333, at *2 (D. Mass. Feb. 17, 2006) (authorizing filing of brief given "applicants' strong interest in this matter, and the possibility that they may present arguments that would assist the court in properly deciding this case").

The Court should grant the Former Employees leave to file a brief because their perspective as *amici* will be useful to the Court's consideration of the factual and legal issues in the case, including in deciding Defendants' motions to dismiss. The Former Employees are in a unique position. As attorneys who worked on voting cases at DOJ, the Former Employees retain a great respect for DOJ's legitimate enforcement role and seek to avoid artificial limitations on its statutory authority. Yet at the same time, their former roles as DOJ attorneys on voting cases gave them insight into and an appreciation for the statutory limits that prevent abuses of DOJ's enforcement authority. Given both their subject-matter expertise and their personal experience with the information-disclosure statutes at issue in this case, the Former Employees bring a uniquely helpful perspective.

The Former Employees also add new information relevant to the Court's decision-making. First, they provide details of prior DOJ information requests under Title III, from which the requests made to nearly all States over the past year are a marked departure. Second, they provide information on how any legitimate concerns about instances of illegal registration or voting could

be appropriately handled. And third, they provide media stories and public statements from DOJ to help the Court to assess whether DOJ's proffered "purpose" for obtaining States' full, unredacted voter rolls, 52 U.S.C. § 20703, differs from its apparent true purpose.

The *amici* Former Employees of the U.S. Department of Justice therefore request leave to file the attached amicus brief.

Dated: February 13, 2026

Respectfully submitted,

/s/ Megan K. Smith

Megan K. Smith
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067-6035
(310) 246-8574
megansmith@omm.com

*Attorney for* Amici Curiae *Former Employees of the U.S. Department of Justice*