IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>WILLIAM FRANCIS GALVIN, in his official capacity as Secretary of the Commonwealth of Massachusetts,<br><br>      Defendant. | Case No. 1:25-cv-13816 |

**REPLY MEMORANDUM OF INTERVENOR-DEFENDANTS NEW ENGLAND STATE AREA CONFERENCE OF THE NAACP AND MASSACHUSETTS ALLIANCE FOR RETIRED AMERICANS IN SUPPORT OF MOTION TO DISMISS**

**INTRODUCTION**

The Department of Justice ("DOJ") has filed dozens of lawsuits like this one. Every federal court to reach a decision in these cases has dismissed them. *See United States v. Weber*, No. 2:25-CV-09149, 2026 WL 118807 (C.D. Cal. Jan. 15, 2026), *appeal docketed*, No. 26-01232 (9th Cir. Mar. 3, 2026); *United States v. Oregon*, No. 6:25-CV-01666, 2026 WL 318402 (D. Or. Feb. 5, 2026), *appeal docketed*, No. 26-01231 (9th Cir. Mar. 3, 2026); *United States v. Benson*, No. 1:25-CV-01148, 2026 WL 362789 (W.D. Mich. Feb. 10, 2026), *appeal docketed*, No. 26-01225 (6th Cir. Feb 27, 2026). This Court should do the same.

DOJ's procedural argument is irreconcilable with Supreme Court precedent. *See United States v. Powell*, 379 U.S. 48, 58 n.18 (1964). DOJ's merits argument is equally unfounded: DOJ did not satisfy the core requirement that it provide "the basis and the purpose" for its demand. 52 U.S.C. § 20703. DOJ does not identify *any* "basis" for the demand aside from the Civil Rights Act of 1960 ("CRA") itself, along with "references" to the NVRA and HAVA. And investigating compliance with the NVRA and HAVA is not a valid purpose under the CRA. Finally, Title III allows redaction of sensitive information.

**ARGUMENT**

**I.   The motion to dismiss is appropriate under the Federal Rules of Civil Procedure.**

DOJ's argument that a motion to dismiss is procedurally improper in a Title III proceeding is foreclosed by Supreme Court precedent and was recently rejected by two federal courts. *See Weber*, 2026 WL 118807, at *8 (holding that DOJ's parallel lawsuit in California was governed by Federal Rules before granting motions to dismiss); *Oregon*, 2026 WL 318402, at *8 ("[T]he Court applies the Federal Rules of Civil Procedure as in any other case."). DOJ relies on *Kennedy v. Lynd*, 306 F.2d 222 (5th Cir. 1962), and other out-of-circuit cases from the early 1960s. *See* ECF

1

No. 72 ("Opp.") at 6–11. But as *Weber* and *Oregon* held, those cases are irreconcilable with the subsequent decision in *Powell*. *See* ECF No. 55 ("MTC Resp.") at 4–5.

In arguing otherwise, DOJ points to its third loss. *See Benson*, 2026 WL 362789, at *2. But *Benson* granted Rule 12(b)(6) motions—so it cannot have held them improper. *See id.* at *2, 11. DOJ protests that *Powell* involved a different statute and that "Congress has indicated that the Federal Rules of Civil Procedure are inapplicable" to the CRA. Opp. 7. The CRA contains no such indication—it requires "appropriate process." 52 U.S.C. § 20705. *Powell* involved that same phrase—"appropriate process," 26 U.S.C. § 7604(a)—and held it "contain[ed] no provision specifying the procedure to be followed in invoking the court's jurisdiction, [so] the Federal Rules of Civil Procedure apply." 379 U.S. at 58 n.18. The same is true for the CRA.

## II.   The Court must review the lawfulness of DOJ's demand.

The CRA is unequivocal: any demand by DOJ "*shall* contain a statement of *the basis and the purpose* therefor." 52 U.S.C. § 20703 (emphasis added). When the government attempts to compel production of records, courts routinely review the demand's lawfulness. *See, e.g.*, *Powell*, 379 U.S. at 57 (requiring government show investigation "will be conducted pursuant to a legitimate purpose" and that "the inquiry may be relevant to the purpose"); *CFPB v. Source for Pub. Data, L.P.* ("*SPD*"), 903 F.3d 456, 458–60 (5th Cir. 2018) (reversing after inquiry into sufficiency of the purpose and basis of civil investigative demand). Judicial review does not need "specific[] authoriz[ation]" by statute, as DOJ claims. Opp. 9. To the contrary, "[i]t is the court's process which is invoked to enforce the administrative summons and a court may not permit its process to be abused." *Powell*, 379 U.S. at 58. This holding extends to investigative tools of all types. *See, e.g.*, *SPD*, 903 F.3d at 458–60 (CFPB civil investigative demands); *CFPB v. Accrediting Council for Indep. Colls. & Schs.*, 854 F.3d 683, 690 (D.C. Cir. 2017) (same).

2

Moreover, the CRA *does* impose limitations, including that a demand made pursuant to it most state "the basis and the purpose." 52 U.S.C. § 20703. *Lynd* agreed a court must decide "whether the written demand has been made" according to "§ [20703]." 306 F.2d at 226. That requires meaningful review of DOJ's demand to determine if it satisfies the CRA. See *Weber*, 2026 WL 118807, at *8–10; *Oregon*, 2026 WL 318402, at *7–10. And even *Benson*'s conception of a "limited" review of CRA demands ended with dismissal of DOJ's complaint. 2026 WL 362789, at *9.

**III.   DOJ failed to provide an adequate basis and purpose under the CRA.**

DOJ's demand for Massachusetts' statewide voter registration list did not provide "the basis *and* the purpose for" its demand. 52 U.S.C. § 20703 (emphasis added). In fact, DOJ failed to include *any* statement of "the basis" for its demand in its August 14, 2025 letter to the Secretary. In its opposition, DOJ argues first that "the basis for the demand was Title III of the [Civil Rights Act of 1960 (CRA)]," Opp. 4, but later that "[f]or the basis, the letter began by referencing the NVRA and HAVA," *id.* at 14. However, the CRA is the *authority* under which the request was purportedly made, not the factual *basis* for the request. See, e.g., *Basis*, *Black's Law Dictionary* (4th ed. 1968) (defining "basis" to include the "groundwork," "support," or "foundation" of something); *United States v. Lawrence*, 675 F. App'x 1, 4 (1st Cir. 2017) (noting the use of "and" indicates "two separate requirements"); *Oregon*, 2026 WL 318402, at *9 ("Reading 'basis' in the way Plaintiff suggests collapses its meaning with that of 'purpose.'"). Even the civil-rights-era cases that DOJ relies on show that DOJ has historically understood this requirement to address the factual basis for its investigation. See, e.g., *Lynd*, 306 F.2d at 229 n.6 ("This demand is *based upon* information in the possession of the Attorney General tending to show that distinctions on the basis of race or color have been made with respect to registration and voting within your jurisdiction.") (emphasis added); *In re Coleman*, 208 F. Supp. 109, 199–200 (S.D. Miss. 1962), *aff'd sub nom.*

3

*Coleman v. Kennedy*, 313 F.2d 867 (5th Cir. 1963) (similar); *see also Oregon*, 2026 WL 318402, at *9 ("The Court understands 'basis' to mean a factual basis for investigating a violation of a federal statute.").

DOJ argues that the factual support for its purported basis cannot be challenged, *see* Opp. 17–18, but even if so, DOJ's demand failed to provide *any basis at all* and therefore undeniably failed to specify "the basis . . . for" its demand. That by itself is sufficient to require dismissal. *See, e.g.*, *SPD*, 903 F.3d at 460 ("[An agency] must comply with statutory requirements, and here it did not"); *Weber*, 2026 WL 118807, at *9 (holding DOJ failed to "establish[] the basis for its request" because it did not explain why it believed California violated the NVRA or why the voter list was necessary for its investigation); *Oregon*, 2026 WL 318402, at *9 (similar).

DOJ's demand also fails to satisfy Title III's separate "purpose" requirement. The term "purpose" must be read in the context of the CRA—Congress enacted Title III "to secure a more effective protection of the right to vote." *Alabama ex rel. Gallion v. Rogers*, 187 F. Supp. 848, 853 (M.D. Ala. 1960), *aff'd sub nom. Dinkens v. Att'y Gen. of U.S.*, 285 F.2d 430 (5th Cir. 1961); *see also* H.R. Rep. No. 86-956, at 7 (1959) (explaining Congress enacted Title III to aid DOJ "during any investigation it may conduct on complaints of a denial to vote."). But DOJ is not seeking Massachusetts' voter list because it suspects infringement of the right to vote. Its purported desire is to "ascertain Massachusetts's compliance with . . . the NVRA and HAVA." Opp. 4. As one early court applying Title III noted, a jurisdiction's "failure[] to purge voters who have moved away or have died . . . does not bear any particular importance" to a Title III inquiry. *Kennedy v. Bruce*, 298 F.2d 860, 863 n.2 (5th Cir. 1962); *see also Weber*, 2026 WL 118807, at *9 (similar).

DOJ cites no case where a court granted a demand under the CRA for the purpose of assessing NVRA or HAVA compliance. In the first matter it cites, Georgia entered a consent

4

decree immediately after DOJ sued to "resolv[e] this matter without the need for litigation," and, in the second, Texas entered a Memorandum of Understanding with DOJ without any litigation. *See* ECF Nos. 72–3, 72–4. In neither instance was the CRA's applicability contested or resolved by a court. And, even if assessing NVRA or HAVA compliance were a valid purpose, a static unredacted voter list is neither helpful nor necessary because it cannot tell DOJ anything about Massachusetts' list maintenance *procedures*. *See Weber*, 2026 WL 118807, at *9 ("[T]he DOJ states no reason why an unredacted version of California's voter list is necessary[.]"). Nor can any stated purpose suffice (as DOJ claims) because it would render Title III's "purpose" requirement a nullity. *United States v. Seward*, 967 F.3d 57, 66 (1st Cir. 2020) ("In ascertaining the meaning of a statutory provision, we must interpret the relevant words not in a vacuum, but with reference to the statutory context, structure, history, and purpose." (citation modified)). Finally, there is ample evidence that DOJ's asserted purpose was not the *true* purpose of its demand. *See* ECF No. 54 ("MTD") at 14–15; *Weber*, 2026 WL 118807, at *10; *Oregon*, 2026 WL 318402, at *11.

## IV. Title III allows redaction of sensitive private information.

Title III does not say it preempts state-law privacy protections. *See Lynd*, 306 F.2d at 231 (stating Title III reaches "*public* records"). Nor would it make sense for the CRA to require production of sensitive data to assess NVRA compliance when the NVRA itself allows redaction.[1] *See Pub. Int. Legal Found., Inc. v. Bellows*, 92 F.4th 36, 56 (1st Cir. 2024); MTD at 15–16.

## CONCLUSION

The Court should dismiss DOJ's Complaint for failure to state a claim.

---

[1] There is no merit to DOJ's contention that "private parties have been granted access to even more detailed voter data." Opp. 24. In DOJ's cited case, *Coalition for Open Democracy v. Scanlan*, No. 1:24-CV-00312-SE-TSM, 2025 WL 1503937 (D.N.H. May 27, 2025), the court excluded social security numbers and other confidential information, and entered a protective order that strictly limited viewing of the information produced. *See id.*, ECF Nos. 87, 87-1.

Dated: March 13, 2026

Respectfully submitted,

<u>/s/ David R. Fox</u>
David R. Fox (BBO #692372)
Kevin R. Kowalewski*
Tori Shaw*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW, Suite 400
Washington, D.C. 20001
T: (202) 968-4490
F: (202) 968-4498
dfox@elias.law
kkowalewski@elias.law
tshaw@elias.law

*Counsel for Intervenor-Defendants the New England State Area Conference of the NAACP and the Massachusetts Alliance for Retired Americans*

\* Admitted *Pro Hac Vice*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 13th day of March, 2026, with a copy of this document via the Court's CM/ECF system.

/s/ David R. Fox
David R. Fox (BBO #692372)
