IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM FRANCIS GALVIN, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE COMMONWEALTH OF MASSACHUSETTS,<br><br>Defendant. | CIVIL ACTION NO. 1:25-CV-13816-LTS<br>(Hon. Leo T. Sorokin) |

**MEMORANDUM IN SUPPORT OF OPPOSED MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* THE BIPARTISAN AMERICAN ELECTION PROJECT**

The Bipartisan American Election Project ("BAEP") respectfully requests leave to file an amicus brief in this case. BAEP was formed by lawyers affiliated with both the Democratic and Republican parties to help courts and institutional actors understand the line between legitimate differences on questions of law and policy, on the one hand, and antidemocratic challenges to constitutional principles and norms, on the other. Led by Bob Bauer and Ben Ginsburg, veteran election lawyers and the former bipartisan co-chairs of the Presidential Commission on Election Administration, BAEP is committed to reinforcing principled constitutional positions, defending democratic norms, and repelling efforts to obstruct the lawful casting and tallying of votes or undermine public confidence in election outcomes. This case involves such an effort.

The Court should exercise its discretion to allow BAEP to participate as amicus curiae. Although "no procedural rule provides for filing of amicus briefs in federal district court, courts have inherent authority and discretion to appoint amici." *Bos. Gas Co. v. Century Indem. Co.*, No. 02–12062, 2006 WL 1738312, at *1 n.1 (D. Mass. June 21, 2006). Courts should accept an amicus brief if the amicus curiae can assist the court by ensuring there is "a complete and plenary

presentation of difficult issues so that the court may reach a proper decision." *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 308 F.R.D. 39, 52 (D. Mass. 2015) (quoting *Sierra Club v. Wagner*, 581 F. Supp. 2d 246, 250 n.1 (D.N.H.. 2008)). Courts liberally exercise their discretion to grant leave to file amicus briefs. *See, e.g.*, *id.*; *Griswold v. Driscoll*, No. 05-12147, 2006 WL 8458333, at *2 (D. Mass. Feb. 17, 2006) (allowing amicus brief due to "applicants' strong interest in this matter, and the possibility that they may present arguments that would assist the court in properly deciding this case").

The Court should grant BAEP leave to file a brief because the organization brings bipartisan experience in election law that will be useful to the Court's consideration of the issues in the case. Specifically, BAEP's amicus brief seeks to supplement Defendant's and Intervenors' arguments with additional analysis of the relevant statutory text, informed by the Constitution's Elections Clause and underlying federalism principles.

Accordingly, BAEP requests leave to file the attached amicus brief.

Dated: March 23, 2026

Respectfully submitted,

/s/*Andrew G. Pappas*

Andrew G. Pappas, *pro hac vice*
Mary R. O'Grady, *pro hac vice*
John S. Bullock, *pro hac vice*
Kimberly I. Friday (BBO # 660544)
OSBORN MALEDON, P.A.
2929 North Central Avenue, 20th Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
apappas@omlaw.com
mogrady@omlaw.com
jbullock@omlaw.com
kfriday@omlaw.com

*Attorneys for Amicus Curiae*
*Bipartisan American Election Project*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 23rd day of March, 2026, with a copy of this document via the Court's CM/ECF system.

/s/*Andrew G. Pappas*
Andrew G. Pappas